IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MARLIN E. JONES, | ) | |
| | ) | |
| Plaintiff, | ) | 8:16CV97 |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM** |
| GLEN HAVEN HOME, and | ) | **AND ORDER** |
| TREVOR BLESH, Former Employee | ) | |
| of Glen Haven, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, a non-prisoner, filed his Complaint in this matter on February 29, 2016. (Filing No. 1.) Plaintiff has been given leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I.  SUMMARY OF COMPLAINT

Plaintiff, a patient at the Glen Haven Home in Glenwood, Iowa, brings an action "under Federal Regulations [42 C.F.R. §] 483.25(a)(1)(11) as it applies to the following: Quality (a)(1)(ii) Transfer and Ambulate. (h) Accidents. The Facility must ensure that—(2) devices to prevent accidents." (Filing No. 1.)

Plaintiff alleges that while being transported from Glen Haven Home to a doctor's appointment in Council Bluffs, Iowa, van driver Trevor Blesh negligently caused Plaintiff to fall and hit the pavement, knocking him unconscious. He claims he lost the sight in his right eye and suffered severe damage to his right shoulder. Plaintiff asserts that he did not receive any medical attention until he sought medical care from his own doctors. Plaintiff requests $300,000 in damages for the defendants' "violation of the Federal Laws which reads that the Facility must ensure devices to

prevent accidents," particularly Blesh's failure "to utiliz[e] devices that are absolutely required according to the Federal Rules in order to protect his patients from accidents."

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## III. DISCUSSION OF CLAIMS

Pursuant to 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the district court "shall dismiss, or if it be in the interest of justice, transfer such

case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). A district court has the discretion to either dismiss a plaintiff's claims or transfer the case, sua sponte. See *De La Cruz v. United States*, No. 4:14CV3160, 2014 WL 4705145, at *2 (D. Neb. Sept. 22, 2014); *Camacho-Corona v. Douglas Cty. Dep't of Corr.*, No. 8:12CV132, 2012 WL 3112020, at *4 (D. Neb. July 31, 2012).

    Venue is generally governed by 28 U.S.C. § 1391, which "govern[s] the venue of all civil actions brought in district courts of the United States" and provides, in pertinent part, that:

> (b) Venue in general.—A civil action may be brought in—
>
> > (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> >
> > (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> >
> > (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

    Here, Plaintiff alleges that this court has federal question jurisdiction over his Complaint, but he does not allege facts establishing that the District of Nebraska is the proper venue. According to the Complaint, Plaintiff is a resident of Glenwood, Iowa; defendant Glen Haven Home is located in Glenwood, Iowa; and the events giving rise to Plaintiff's claims occurred in Iowa. The only other party, defendant

Trevor Blesh, is alleged to be a "former employee of Glen Haven," but his state of residence is unclear.

I shall give Plaintiff leave to file an amended complaint to include defendant Trevor Blesh's state of residence.  Plaintiff is advised that if the court finds that venue is improper in the District of Nebraska based on the allegations in Plaintiff's amended complaint, the court must either dismiss this case or transfer it to any district or division in which it could have been brought.  [28 U.S.C. § 1406(a)](.).

IT IS ORDERED:

1. Plaintiff must file an amended complaint within 30 days to allege defendant Trevor Blesh's state of residence;

2. Plaintiff's failure to file an amended complaint in accordance with this Memorandum and Order will result in the court dismissing this case without further notice to Plaintiff;

3. Plaintiff's Motion to Appoint Counsel (Filing No. 6) is denied without prejudice as premature; and

4. The clerk of the court is directed to set the following pro se case management deadline: May 9, 2016: check for amended complaint.

DATED this 6th day of April, 2016.

BY THE COURT:
*Richard G. Kopf*
Senior United States District Judge