IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MARLIN E. JONES, | ) | |
| | ) | |
| Plaintiff, | ) | 8:16CV97 |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM** |
| GLEN HAVEN HOME, TREVOR | ) | **AND ORDER** |
| BLESH, Former Employee of Glen | ) | |
| Haven, and DEBORAH CLARK, | ) | |
| Executive Director of Glen Haven, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on its own motion.  On April 6, 2016, the court conducted an initial review of Plaintiff's Complaint. (Filing No. 7.) After discussing Plaintiff's allegations—that Plaintiff suffered major injury after a fall due to the defendants' violation of federal regulations that require nursing homes to use devices to prevent accidents, 42 C.F.R. § 483.25(a)(1)(11)—the court determined that while Plaintiff had alleged federal question jurisdiction, he did not allege facts establishing that the District of Nebraska is the proper venue.

Specifically, Plaintiff's Complaint alleged that he is a resident of Glenwood, Iowa, and is living at Glen Haven Home; defendant Glen Haven Home is located in Glenwood, Iowa; and the events giving rise to Plaintiff's claims occurred in Iowa.[1] The only other named party, defendant Trevor Blesh, was alleged to be a "former employee of Glen Haven," but his state of residence was unclear. Therefore, the court gave

---

[1]Plaintiff's Complaint alleged that in the course of being transported from Glen Haven Home to a doctor's appointment in Council Bluffs, Iowa, van driver Trevor Blesh failed to use required safety straps when Plaintiff was boarding the van, causing Plaintiff to fall and hit the pavement, knocking him unconscious.  He claims he lost the sight in his right eye and suffered severe damage to his right shoulder.  Plaintiff asserted that he did not receive any medical attention until he sought medical care from his own doctors.  Plaintiff requested $300,000 in damages.

Plaintiff 30 days in which to file an amended complaint "to include defendant Trevor Blesh's state of residence."  Plaintiff was also "advised that if the court finds that venue is improper in the District of Nebraska based on the allegations in Plaintiff's amended complaint, the court must either dismiss this case or transfer it to any district or division in which it could have been brought. 28 U.S.C. § 1406(a)." (Filing No. 7 at CM/ECF p. 4.) The court must now determine whether summary dismissal of Plaintiff's Amended Complaint is appropriate under 28 U.S.C. § 1915(e)(2).

## I.  THE AMENDED COMPLAINT

In response to the court's directive to specify defendant Blesh's state of residence, Plaintiff's Amended Complaint states:  "I made a diligent search for the driver[] defendant/Blesh to no avail, as I still believe he resides in Iowa as alleged." (Filing No. 8 at CM/ECF p. 3.)  Plaintiff's Amended Complaint also confirms that "a substantial part of events . . . occurred in Iowa."[2]

## II.  DISCUSSION OF CLAIMS

As stated in this court's previous order (Filing No. 7), 28 U.S.C. § 1391 "govern[s] the venue of all civil actions brought in district courts of the United States," and provides in relevant part that:

**(b) Venue in general.**—A civil action may be brought in—

---

[2]Plaintiff's Amended Complaint (Filing No. 8) also alleges that Plaintiff's injuries have continued to worsen, as he is now unable to walk without assistance, drive, and hear normally.  Further, the Amended Complaint names as an additional defendant Deborah Clark, director of Glen Haven, who allegedly knew of Plaintiff's injury and knew that no belts or straps had been used when Plaintiff was being transported on the date of the incident, yet failed to order medical assistance for him.

> **(1)** a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> **(2)** a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> **(3)** if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

The allegations in Plaintiff's Amended Complaint establish that the United States District Court for the District of Nebraska is the wrong venue for this case. Rather, it appears that the proper venue for Plaintiff's case under 28 U.S.C. § 1391(b)(1) or (2) is the United States District Court for the Southern District of Iowa since that is the judicial district where "any defendant resides," all defendants appear to be residents of Iowa, and Iowa is where the events or omissions giving rise to Plaintiff's claims occurred.[3]

Pursuant to 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). A district court has the discretion to either dismiss a plaintiff's claims or transfer the case, sua sponte. *See De La Cruz v. United States*, No. 4:14CV3160, 2014 WL 4705145, at *2 (D. Neb. Sept. 22, 2014); *Camacho-Corona v. Douglas Cty. Dep't of Corr.*, No. 8:12CV132, 2012 WL 3112020, at *4 (D. Neb. July 31, 2012).

---

[3]General information about the United States District Court for the Southern District of Iowa may be found here, and guidance for litigants proceeding without counsel in that court may be found here.

3

In order to avoid duplication of the efforts Plaintiff and the federal court have already expended on this case, I shall transfer this matter to the United States District Court for the Southern District of Iowa for disposition.

Accordingly,

IT IS ORDERED:

1.      The District of Nebraska is an improper venue for Plaintiff's Complaint. However, in the interests of justice, the court will transfer this case to the United States District Court for the Southern District of Iowa, a proper venue.

2.      The clerk of the court is directed to take all necessary steps to transfer this matter to the United States District Court for the Southern District of Iowa.

3.      The clerk of court is directed to terminate the motion event at Filing No. 10 in this case, which is Plaintiff's Motion for Status. The court leaves the issue of the status and progression of this case to the United States District Court for the Southern District of Iowa.

4.      The clerk of court shall close and terminate this case in the District of Nebraska.

DATED this 9th day of June, 2016.

BY THE COURT:
s/ *Richard G. Kopf*
Senior United States District Judge

4